IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES TAYLOR, | No. C 12-3913 JSW (PR) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| MATHEW CATES, et al., | |
| Defendants. | |

## INTRODUCTION

Plaintiff, California prisoner proceeding pro se incarcerated at the California Training Facility ("CTF"), filed this civil rights action under 42 U.S.C. § 1983. Plaintiff claims that Defendants are violating an order in a pending federal class action lawsuit which requires reduction of the prison population at CTF and other California prisons. His application to proceed *in forma pauperis* is granted in a separate order. This Court now reviews the complaint pursuant to 28 U.S.C. § 1915A, and dismisses it for failure to state a cognizable claim for relief.

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or

1 fails to state a claim upon which relief may be granted," or "seeks monetary relief from a
2 defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be
3 liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.
4 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974. Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## LEGAL CLAIMS

Plaintiff alleges that an order in a pending federal class action requiring prison officials to reduce the population at CTF is not being followed. He seeks to have CTF officials follow that order. Individual suits for injunctive and equitable relief from alleged unconstitutional prison conditions cannot be brought where there is a pending class action suit involving the same subject matter. *See McNeil v. Guthrie*, 945 F.2d 1163, 1165 (10th Cir. 1991); *Gillespie v. Crawford*, 858 F.2d 1101, 1103 (5th Cir. 1988) (en banc). "Individual members of the class and other prisoners may assert any equitable or declaratory claims they have, but they must do so by urging further actions through the class representative and attorney, including contempt proceedings, or by intervention in the class action." *Id.* The relief Plaintiff seeks must be pursued in the class action in

which the order he seeks to force was issued, not in a new case.  The instant complaint, even when liberally construed, does not state a cognizable claim for relief and will be dismissed.

The case may not proceed for another reason as well.  A supplement to the complaint indicates that Plaintiff's administrative grievances were exhausted after this case was filed.  An action must be dismissed unless the prisoner exhausted his available administrative remedies *before* he or she filed suit, even if the prisoner fully exhausts while the suit is pending.  *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002). Plaintiff's exhaustion of his administrative remedies after filing suit does not satisfy the exhaustion requirement and presents an alternative grounds for dismissal.

**CONCLUSION**

For the foregoing reasons, this case is DISMISSED for failure to state a cognizable claim for relief.

The Clerk shall enter judgment and close the file.

IT IS SO ORDERED.

DATED:  October 23, 2012

JEFFREY S. WHITE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JAMES DEAN TAYLOR,

        Plaintiff,

  v.

MATHEW CATES et al,

        Defendant.

Case Number: CV12-03913 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 23, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

James Dean Taylor K05216
P.O. Box 689
Soledad, CA 93960

Dated: October 23, 2012

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk